UNITED STATES of America,
Plaintiff—Appellee,

v.

Rudolph Arnold EDWARDS,
Defendant—Appellant.

No. 03–50373.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Decided Dec. 7, 2005.

---

Jason P. Gonzalez, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: TASHIMA, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Rudolph Edwards appeals his conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(b), and his resulting 30–month sentence. Edwards argues that his conviction should be overturned because of limitations the trial judge placed on his cross-examination of

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the two arresting officers, the government's primary witnesses. Edwards also argues that the trial judge erroneously deemed him ineligible for a one-level downward departure based upon extraordinary childhood abuse. We affirm the conviction, but remand on the sentence.

During pretrial discovery, Edwards learned that the officers who arrested him, who would later be the government's primary witnesses, had both been convicted of driving under the influence of alcohol ("DUI"). Edwards also learned that one of the officers, when initially stopped before his arrest, had lied about the fact that he had been drinking. Before trial commenced, the government obtained an *in limine* ruling, precluding Edwards from questioning the officers about their convictions. Edwards claims this was error.

■ We review a district court's decision to limit cross-examination for abuse of discretion. *United States v. Shyrock*, 342 F.3d 948, 979–980 (9th Cir.2003). We find no such abuse here. We agree with the government that the officers' misdemeanor DUI convictions are simply irrelevant to their credibility. *See* Fed.R.Evid. 609 (describing crimes that are admissible to attack the credibility of a witness); *see also United States v. Foster*, 227 F.3d 1096, 1099–1100 (9th Cir.2000).

■ As to the false statement, while this court has previously recognized that

prior false statements may have some relevance to a witness's credibility, *see United States v. Reid*, 634 F.2d 469, 473 (9th Cir.1980), we cannot say that the district court abused its discretion in excluding the evidence in this case. The statement itself, made almost three years before the arrest when the officer was off-duty with impaired judgement, was of marginal relevance to the officer's credibility, at best. Yet admitting the statement almost certainly would have garnered a response from the government. *See* Fed.R.Evid. 608(b) ("[E]vidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked...."). Given the risks of undue delay and confusion of the issues, we cannot say that the district court abused its discretion in these circumstances.[1] *Cf. United States v. Collins*, 90 F.3d 1420, 1429 (9th Cir.1996) (holding that district court did not violate Confrontation Clause by refusing to allow the defense attorney to question a witness regarding a prior lie where lie was not relevant to the case).

■ Edwards also contests the 30–month sentence he received, arguing that the trial judge erred by finding him ineligible for a one-level downward departure due to extraordinary childhood abuse. *See United States v. Walter*, 256 F.3d 891 (9th Cir.2001). The record establishes, however, that the trial judge understood her authority to depart, yet, in an exercise of

---

**1.** The dissent parts ways with our conclusion, arguing that the false statement should have been admitted because of the importance of the officer's testimony and his credibility. Neither of the cases the dissent relies upon, however, held that the district court abused its discretion by excluding prior false statements. *See Reid*, 634 F.2d at 470 (holding that the district court did not abuse its discretion by admitting a prior false statement); *United States v. Jackson*, 882 F.2d 1444,

1447–48 (9th Cir.1989) (same). Further, in *Jackson*, we emphasized the deference that is due a trial court's evaluation of the evidence. *Jackson*, 882 F.2d at 1448 ("We refuse to disturb the trial court's assessment of the probative value of the evidence."). Thus, we must respectfully disagree with the dissent's conclusion that the district court abused its discretion by excluding the officer's false statement.

discretion, declined to do so. We have held, post-*Booker*,[2] that "[b]ecause the district court appeared to be aware of its authority to depart downward, denial of [the defendant's] request is not reviewable." *United States v. Allen*, 425 F.3d 1231, 1236 (9th Cir.2005) (citing pre-*Booker* case law).

■ Nonetheless, because, on this record, "it cannot be determined whether the judge would have imposed a materially different sentence had [she] known that the Guidelines are advisory rather than mandatory," *United States v. Ameline*, 409 F.3d 1073, 1083 (9th Cir.2005) (en banc), we remand the sentence to the district court for its reconsideration and possible re-sentencing in accordance with the procedures set forth in *Ameline*. *See id.* at 1084–85.[3]

For the foregoing reasons, we affirm Edwards' conviction and remand his sentence in accordance with *Ameline*.

AFFIRMED and REMANDED.

FISHER, Circuit Judge, dissenting in part.

I respectfully disagree with the majority's conclusion that the district court properly excluded evidence of Officer Coats' dishonesty. Coats, while off duty, was pulled over by a police officer who asked him if he had been drinking. Coats initially denied it but later tested positive for alcohol and pled guilty to misdemeanor driving under the influence. The majority concludes that Coats' prior false statement to another police officer bears little on his credibility. Given the importance of Coats' credibility to this case and the context in which the false statement was made, I cannot agree.

Federal Rule of Evidence 608(b) provides that "specific instances of the conduct of a witness" may be inquired into on cross-examination if they concern the "witness' character for truthfulness or untruthfulness" and the court deems them probative. Here, Coats' testimony—and therefore his credibility—was central to the government's case. Key questions before the jury were whether Edwards actually had the gun that Coats picked up from the storage room of the store and why the gun did not have Edwards' fingerprints on it. Importantly, underpinning the case was the possibility that the gun linked to the defendant actually was planted—a theory acknowledged and addressed by the prosecutor in his closing argument.

Coats' statements were dispositive on these issues. Coats was alone in the room when he recovered the gun that Edwards left there and provided the key evidence as to where the gun was located. Coats also provided the only evidence as to what the gun came in contact with and whether there should have been fingerprints on the gun when it reached the police station. Given that Coats was pivotal in establishing the link between Edwards and the gun found in the store, the jury should have been provided "sufficient information upon

**2.** *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**3.** From what we can discern from the record, Edwards has completed serving the imprisonment portion of his sentence and is now serving a term of supervised release. Nonetheless, out of an abundance of caution, we remand to the district court for a determination of whether Edwards should be resentenced. Consistent with *Ameline*, Edwards should be given an opportunity to "opt out" of resentencing if he so chooses. *Ameline*, 409 F.3d at 1084.

which to assess the credibility" of his testimony. *United States v. James,* 139 F.3d 709, 713 (9th Cir.1998).

Our case law recognizes that prior false statements can bear on the credibility of a witness. In *United States v. Reid,* we held proper in a mail fraud case the questioning of defendant about false statements he made in a letter to a government agency while investigating the book at issue in the case. 634 F.2d 469, 470 (9th Cir.1980). The defendant admitted falsifying his name, his occupation, the name of his business and his purpose in seeking information about government identification. *Id.* We ruled that the false statements were properly admitted under Rule 608(b) because they "were probative of appellant's lack of truthfulness." *Id.* at 473–74; *see also United States v. Jackson,* 882 F.2d 1444, 1447–48 (9th Cir.1989) (holding "particularly probative" of truthfulness evidence that defendant had been disbarred 14 years earlier for misappropriating client funds). That Coats lied in the past, when pointedly asked a question by a fellow police officer as to his own lawful conduct, goes directly to his honesty and credibility.

Finally, while the majority cites the possibility of undue delay or confusion, these concerns are overstated and should not justify denying Edwards critical evidence bearing on his chief accuser's credibility. Impeachment evidence typically raises the possibility that the opposing party will attempt to rehabilitate its witness, and I assume the government would have sought to do so, given the importance of Coats' testimony. But the district court has plenty of tools to limit the scope of such rehabilitation to avoid a "mini-trial" of Coats and any jury confusion as to the relevance of Coats' lie to the police.

Thus, I would hold that the district court abused its discretion in excluding evidence of Coats' false statement—probative of his truthfulness—given the importance of his testimony and his credibility.